First Draft Petition

FILED

2023 FEB 10  PM 4: 13

CLERK. US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

AZZURRA CRISPINO,
175 Settlers Trail
Elgin, TX 78621

Petitioner,

vs.

**1:23CV00156  LY**

THE INTERNAL REVENUE SERVICE
Austin, TX 73301-0052

Respondent.

CASE NO
PETITION

I. JURISDICTION AND VENUE.
1. This Court is proper jurisdiction and venue pursuant to 28 U.S.C. Section 1340. This Court is proper venue pursuant to 28 U.S.C. Section 124.

II. PETITIONER.
2. Petitioner Azzurra Crispino, a naturalized United States citizen, was erroneously denied a stimulus tax credit by Respondent.

III. RESPONDENT.
3. Respondent Internal Revenue Service is an agency of the United States Department of the Treasury whose responsibilities include issuing the stimulus tax credits authorized by 26 U.S.C. Section 26 U.S.C. Sections 6428(a), 6428A(a) and 26 U.S.C. Section 6428B(b).

IV. THE LAW.
4. The federal government enacted three major laws in response to the COVID-19 pandemic. Each of these stimulus laws authorized direct payments to almost every American adult. See, e.g., HAYES V. GRAVES, U.S. DIST. LEXIS 47001, 2022 WL 822881, at *2 (E.D. Ark, March 16, 2022).
5. The first of three stimulus acts was the Coronavirus Aid, Relief, and Economic Security ("CARES") Act (Pub. L. 116-136, 134 Stat. 281 (2020)). This stimulus authorized a $1,200 stimulus payment to each eligible taxpayer. 26 U.S.C. Section 6428(a).
6. The second of three stimulus acts was the Consolidated Appropriations Act ("CAA") (Pub. L.

116-260, 134 Stat. 1182 (2020)). This stimulus authorized a payment of $600. 26 U.S.C. Section 6428A(a).

7. The third of three stimulus acts was the American Rescue Plan Act ("ARPA") (Pub. L. 117-2, 135 Stat. 4 (2021)). This stimulus authorized a $1,400 stimulus payment. 26 U.S.C. Section 6428B(b).

In each of these, the Secretary of the Treasury was directed to issue the refunds or credits "as rapidly as possible." See, 26 U.S.C. Sections 6428(a), 6428A(a), and 6428B(b), supra. As such, the Secretary of the Treasury and, by extension, the Internal Revenue Service, had a legal duty to issue the refunds or credits "as rapidly as possible" to all eligible individuals.

8. The United States waived its sovereign immunity related to claims under these stimulus acts. See, AMADOR V. MNUCHIN (Dist. of MD, 2020), 476 F. Supp. 3d 125, 141-45, and R.V. V. MNUCHIN (Dist. of MD 2020) LEXIS 107420, 2020 WL 3402300, at 5-7.

9. Further, the requirement to first exhaust administrative remedies pursuant to 26 U.S.C. Section 7422 does not apply as the request for stimulus payment is not a "suit for any tax, penalty, or sum wrongfully collected." See, R.V. and AMADOR, supra. In fact, the exhaustion requirement "is at odds with the very purpose of the economic impact payments." AMADOR, supra.

## V. THE FACTS.

10. Petitioner Azzurra Crispino is a naturalized U.S. citizen. Petitioner filed a joint tax return with her husband, James Dzelajlija, for the tax year of December 31, 2020. Both Petitioner and Dzelajlija sought $1,800 tax credit each, as both had received the $1,400 stimulus (26 U.S.C. Section 6428B(b), "Third Stimulus"), but neither had received the $1,200 stimulus (26 U.S.C. Section 6428(a), "First Stimulus") or the $600 stimulus (26 U.S.C. Section 6428A(a), "Second Stimulus"). Thus, Petitioner and Dzelajlija each sought $1,800 each, the aggregate of the First and Second Stimulus tax credits.

11. The Internal Revenue Service ("IRS") issued Dzelajlija the $1,800 credit requested, but denied the tax credit to Petitioner. See, IRS Reference #1487355555. It appears that this denial of tax credit to Petitioner was based upon the erroneous conclusion that Petitioner remains a "resident alien" and is therefore ineligible for the tax credits requested [1]. However, as accompanying documentation supports, Petitioner has U.S. citizenship and is therefore otherwise eligible for the stimulus payment requested.

## VI. CLAIMS

12. Respondent owes a duty to correct its erroneous conclusion that Petitioner is a resident alien and to issue Petitioner the $1,800 tax credit for which Petitioner is otherwise eligible.

## VII. RELIEF REQUESTED.

13. Petitioner requests the following relief:

A. A DECLARATION that Respondent owes a legal duty to amend its erroneous conclusion that Petitioner is a resident alien and, absent any other disqualifying factor that would otherwise make Petitioner ineligible, issue Petitioner the $1,800 tax credit to which Petitioner is eligible pursuant to law;

B. Petitioner's COSTS associated with this action assessed to Respondent; and

C. Any other relief this Court finds just and equitable.

Respectfully Submitted,

Azzurra Crispino, Petitioner
175 Settlers Trail
Elgin, TX 78621
(737) 243-2616

[1] It would appear that this conclusion is based upon the fact that Petitioner obtained a Social Security number and Social Security card while still a resident alien, and the card was marked "not valid for U.S. employment." During the timeframe of this dispute over the tax credit, the IRS did not provide Petitioner with the necessary time to obtain a new Social Security card absent those markings and it appears that the IRS rejected all other documentation to prove Petitioner has obtained U.S. citizenship.

VIII. VERIFICATION
I hereby swear and/or affirm that the foregoing is true and correct to the best of my knowledge and belief, pursuant to 28 U.S.C. Section 1746.

Azzurra Crispino, Petitioner
175 Settlers Trail
Elgin, TX 78621
(737) 243-2616
DATE: 2/10/2023

Praecipe

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

AZZURRA CRISPINO,

Petitioner,

vs.

THE INTERNAL REVENUE SERVICE,

Respondent.

CASE NO _____

PRAECIPE

TO THE CLERK OF COURTS:

Please serve the following filings upon Respondent pursuant to Rule 4 of the Federal Rules of
Civil Procedure:

--Complaint, and
--Praecipe

Respectfully Submitted,

Azzurra Crispino, Petitioner
175 Settlers Trail
Elgin, TX 78621

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded by first class mail to THE INTERNAL REVENUE SERVICE on this Feb 10th, 2023.

AZZURRA CRISPINO AND JAMES DZELAJLIJA
175 SETTLERS TRAIL
ELGIN, TX 78621

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE

Reference Number: 1487355555

To Whom It May Concern:

We are writing in response to your letter proposing a change to our 2020 tax return.
We are selecting Option 3: We do not agree with any of the changes.

**We are both United States citizens, and were eligible for all the stimulus payments under the CARES Act.**

We received the third stimulus payment, but did not receive the first or second payment. As such, we claimed a joint tax credit of $3600. Your letter is attempting to amend this credit. **We do not agree with your findings. We were eligible for the first and second stimulus payment, but did not receive it.**

Please find attached a copy of the Social Security card for James Dzelajlija, a natural born US citizen.

Please find attached a copy of the Social Security card for Azzurra Crispino, a naturalized US citizen. Please also find a copy of her US Passport, which is proper documentation of her citizenship.

In your letter, you requested that we send you an updated copy of any Social Security cards that mark "not valid for US employment". However, it is not possible to receive an updated Social Security card in the time frame that you requested that we respond to your letter. It is not legally necessary to provide the documentation you request, as a US Passport is valid documentation of US Citizenship.

This documentation should not have been necessary. We received the third stimulus payment, therefore, we should have been eligible for all three.

We look forward to the rectification of your error, and an immediate issuance of our 2020 tax return.

Sincerely,

08/18/2022